### WHITNEY v. BARRETT.

Circuit · Court of Appeals, Fifth Circuit.
October 29, 1928.

No. 5231.

C. N. Davie and Chas. S. Reid, both of Gainesville, Ga., and Orville A. Park, of Macon, Ga., for appellant.

Shirley C. Boykin and Buford F. Boykin, both of Carrollton, Ga., and H. D. Russell, of Macon, Ga. (Boykin & Boykin, of Carrollton, Ga., and Brock, Sparks & Russell, of Macon, Ga., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. A petition in bankruptcy having been filed against the Carmichael-Mallett Company, a receiver was appointed and an order entered against A. F. Whitney, receiver of the same company in the state court, to show cause why he should not deliver all assets of that company to the receiver appointed by the bankruptcy court. In response to this order, a sworn answer was filed setting up that Whitney was appointed receiver by the state court on petition of the state superintendent of banks, seeking to enforce an execution against the Carmichael-Mallet Company upon its liability as stockholder of the Farmers' & Merchants' Bank; and that execution had been recorded more than four months prior to the filing of the bankruptcy proceedings, and had been levied and was a general lien upon the company's assets. At the hearing Whitney stated that he had not filed the bond required in the order appointing him receiver, and ex-

pressed a willingness to deliver the property to the receiver appointed in the bankruptcy proceedings. Thereupon the bankruptcy court entered an order directing Whitney immediately to deliver to its receiver possession of all the property and assets belonging to the company. From that order this appeal is taken.

█ No question was raised in the proceedings touching Whitney's qualification to act as receiver in the state court, and the regularity of his appointment should have been considered as admitted at the hearing. Whitney's consent to deliver possession of the property held by him in his capacity as receiver was without effect, as his possession was that of the court which appointed him; and surrender of the property could not be made by him without authority of the court. Whitney v. Wenman, 198 U. S. 539, 550, 25 S. Ct. 778, 49 L. Ed. 1157. This was a summary proceeding. In such a proceeding the bankruptcy court is without jurisdiction to determine a controversy in reference to property adversely held without the consent of the adverse claimant. A plenary suit is necessary to determine the question of right of possession. Harrison v. Chamberlin, 271 U. S. 191, 46 S. Ct. 467, 70 L. Ed. 897. The plaintiff in the state court was asserting, and attempting to enforce, a lien obtained more than four months prior to the bankruptcy proceedings, and was entitled to proceed in the state court without interference by the bankruptcy court. The jurisdiction of the state court was not lost by the bankruptcy proceedings. Brown Shoe Co. v. Wynne (C. C. A.) 281 F. 807.

█ It is made to appear in a motion by appellee to dismiss this appeal that some of the property has been sold, that the proceeds are being held subject to the lien asserted by the superintendent of banks, and that such lien, if valid, is to attach to the proceeds in lieu of the property sold. The sale cannot deprive appellant of his lien, or his right to proceed in the state court. Therefore the motion to dismiss is denied; but inasmuch as during the argument appellant's counsel conceded that the property was sold at a fair price, the lien upon the property sold will be transferred to the net proceeds of the sale. Any property that has not been sold should be ordered turned over to the state court receiver.

The order appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.