### PRIEST v. WEAVER, Sheriff.

### WEAVER, Sheriff, et al. v. PRIEST et al.

### Nos. 8856, 8881.

Circuit Court of Appeals, Eighth Circuit.
Aug. 18, 1930.

58

James D. Head, of Texarkana, Ark. (Will Steel, of Texarkana, Ark., on the brief), for appellant in No. 8856.

C. E. Wright, of El Dorado, Ark. (H. P. Smead, L. B. Smead, and R. C. Knox, all of El Dorado, Ark., on the brief), for appellee in No. 8856 and appellants in No. 8881.

James D. Head, of Texarkana, Ark., and Lon O. Hocker, of St. Louis, Mo. (Ralph T. Finley and Frank H. Sullivan, both of St. Louis, Mo., on the brief), for appellees in No. 8881.

Before KENYON, BOOTH, and GARDNER, Circuit Judges.

GARDNER, Circuit Judge.

There are here two appeals separately briefed but argued together and growing out of the same subject matter. In No. 8856 the appeal is from a decree of the District Court which reversed an order of the referee in bankruptcy, which order had directed the sheriff of Nevada county, Ark., to turn over to the receiver in bankruptcy of the Irma Oil Company, certain oils and proceeds of oil. The decree reversed the referee's order and dismissed the application of the receiver in bankruptcy on which the turnover order had been made.

The Irma Oil Company was adjudged a bankrupt by the District Court of the United States for the Eastern District of Missouri on June 29, 1929, and H. S. Priest was appointed receiver. On July 3, 1929, he was appointed ancillary receiver by the District Court of the United States for the Western District of Arkansas. Prior to this adjudication in bankruptcy, and on April 3, 1929, certain creditors of the Irma Oil Company brought suit against it in the chancery court of Nevada county, Ark., seeking to recover a claim of approximately $17,000 as a money obligation, and approximately $28,000 of preferred stock of the company. On the same date, and in aid of this suit, a writ of attachment was issued and levied on certain property of the Irma Oil Company. In that suit the court sustained the attachment and directed the sheriff to sell the property under the attachment levied, in satisfaction of the judgment. After Priest had been appointed ancillary receiver in the bankruptcy proceedings by the District Court for the Western District of Arkansas, he filed his report, showing that the sheriff of Nevada county, E. H. Weaver, was making claim to certain oil in tanks in said county under this levy of attachment. The report of the receiver stated that on April 3, 1929, the date of the attachment, the oil company was insolvent, and the receiver prayed that the sheriff be ordered to show cause why he should not release to the receiver the oil and the proceeds of such oil as had been disposed of. The sheriff responded, denying that the oil company was insolvent at the time of the attachment, and alleged that he was in possession of the property and was therefore entitled to have his rights determined in a plenary suit. On the issues thus joined, a hearing was had before the referee, who held that the possession of the sheriff under the attachment was colorable only, and that his claim to the property by reason of the attachment

was not an adverse claim and that he did not have actual possession of the property. A turnover order was then entered, directing the sheriff to release any claim he might have on the property and deliver whatever possession he had to the ancillary receiver. On petition for review, the District Court reversed this order, finding that the bankruptcy court had no jurisdiction to sustain the application for a summary turnover order, because it appeared (a) that there was a substantial adverse claim; (b) that the attachment creditors were not parties; (c) that neither the attachment creditors nor the sheriff had consented that the case be tried in a summary proceeding; and (d) that the property involved was in the possession of the Nevada chancery court under attachment in the case of Charles F. Steele et al. v. Irma Oil Company et al., which case had progressed, prior to the adjudication in bankruptcy, to the point where the attachment had been sustained, the plaintiff had recovered judgment, and the attached property had been ordered sold to pay the judgment. The decree vacated the order of the referee, and it is from this decree that the receiver has appealed.

Section 67f of the Bankruptcy Act (11 USCA § 107(f) provides as follows:

"That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt."

■ It will be observed that the answer or response of the sheriff presented two issues of fact: First, that under the levy of attachment he was in the actual and exclusive possession of the property; and, second, that at the time of the issuance and levy of the attachment, the oil company was not insolvent, and by reason of these alleged facts the sheriff challenged the jurisdiction of the bankruptcy court to proceed to determine the issues in a summary proceeding. The bankruptcy court had jurisdiction to determine whether it had possession of the property, actual or constructive. If it had possession, it could determine in a summary proceeding, controversies involving substantial adverse claims thereto; but if it lacked possession, it could not, in a summary proceeding, adjudicate the validity of a substantial adverse claim. Taubel, etc., Co. v. Fox, 264 U. S. 426, 44 S. Ct. 396, 401, 68 L. Ed. 770; Harrison v. Chamberlin, 271 U. S. 191, 46 S. Ct. 467, 70 L. Ed. 897; Remington on Bankruptcy, § 2395. In the Taubel Case, the court said:

"In this case, the sheriff had, before the filing of the petition in bankruptcy, taken exclusive possession and control of the property, and he had retained such possession and control after adjudication and the appointment of the trustees. The bankruptcy court, therefore, did not have actual possession of the res. The adverse claim of the judgment creditor was a substantial one. The bankruptcy court, therefore, did not have constructive possession of the res. Neither the judgment creditor, nor the sheriff, had become a party to the bankruptcy proceedings. There was no consent to the adjudication by the bankruptcy court of the adverse claim. The objection to the jurisdiction was seasonably made and was insisted upon throughout. The bankruptcy court, therefore, did not acquire jurisdiction over the controversy in summary proceedings. Nor did it otherwise."

■ From the testimony taken before the referee, which was embodied in the record on petition for review before the lower court, it appeared that in executing the writ of attachment, the sheriff went to the office of the oil company, on or near the wells and lands of the bankrupt, notified the men in charge that he was attaching the oil in tanks, and posted notice of levy on the pits and upon the office of the company. He also notified the manager of the oil company of his levy, and the levy was recognized by the employees in charge, and, by agreement between the sheriff and the employees of the oil company, certain of the oil so levied on was treated by the oil company and sold, and the proceeds of the sale turned over to the sheriff to be held by him in place of the oil that had been so sold. That the attachment was sustained by the chancery court of Nevada county, Ark. The oil company and its employees, at most, seem to have been acting as custodians for the sheriff, and they recognized the sheriff's possession; their possession after the levy was that of the sheriff.

We are of the view that the court correctly held that the property was in the possession and control of the sheriff, and hence the bankruptcy court was without jurisdiction to proceed in a summary proceeding. The decree in No. 8856 is therefore affirmed.

■ It remains to consider the appeal in No. 8881. The lower court having held that the

bankruptcy court was without jurisdiction to proceed summarily, the ancillary receiver and the trustee in bankruptcy brought a plenary suit in the United States District Court for the Western District of Arkansas, joining as defendants the sheriff and the attaching creditors in the action wherein the attachment heretofore mentioned was issued, alleging that the oil company was insolvent at the time of the levy of attachment; that therefore the levy had become void by reason of the adjudication in bankruptcy; that it was impracticable to petition the state court; that the sheriff was about to sell the oil; that the proceeds would be turned over to the attaching creditors, who would then become preferred creditors; and that the oil might get into the hands of innocent purchasers and could not be retaken. Jurisdiction of the suit was predicated on diversity of citizenship and the requisite amount involved. The prayer asked that the sheriff be enjoined from selling or advertising for sale the oil, that the defendants and attaching creditors be enjoined from further proceedings, and that the lien of the attachment and of the decree of the state chancery court be declared null and void as a cloud on the title.

In this plenary suit, one of the attaching creditors who was made defendant appeared specially and moved to quash the order providing for substituted service, and the other attaching creditor, with the sheriff, appeared specially and objected to the jurisdiction of the court on the ground that the oil was not in the possession of the federal court, nor had it ever been in the possession of the plaintiffs. On this issue testimony was submitted, consisting of affidavits, testimony given before the referee in bankruptcy in No. 8856, and the decree entered in No. 8856. A temporary injunction was granted, and from that order the present appeal was taken.

So far as the actual merits of the controversy are concerned, the question ultimately to be determined is a simple one, to wit: Was the oil company insolvent when the attachment was levied on its property? If it was, the attachment was discharged and released by the adjudication in bankruptcy, and the property should be turned over to the trustee; but if it was not insolvent at that time, then the lien of the attachment survived. The sole issue presented on this appeal, however, is one of procedure: Had the United States District Court, for the District of Arkansas, jurisdiction, even in a plenary suit, to determine whether at the time of the issuance and levy of the attachment the oil company was insolvent? Appellees in their brief make the following concession:

"So far as concerns the trustee in bankruptcy, in whose behalf this particular presentation is made, we have no disposition to question the fact that if there had been an actual seizure of the attached property—if the Sheriff had taken actual and exclusive possession thereof under his writ—orderly procedure would require that the Receiver and the Trustee should resort to that court from which the process emanated to assert the invalidity of the attachment and reclaim the attached property."

It is, however, argued that the sheriff did not take possession of the attached property. It will be observed that on this issue the lower court had already determined as a fact in No. 8856 that the sheriff did take and was in the actual possession of the attached property, and this decree was put in evidence in this case in support of defendants' objection to the jurisdiction of the court. We have already sustained this finding by the lower court, and as the whole issue, even under the contentions of the appellees, is dependent upon this question of possession, it would seem unnecessary to consider the other contentions involved. Appellees, recognizing the principle announced in Martin v. Oliver (C. C. A.) 260 F. 89, 90; Taubel, etc., Co. v. Fox, 264 U. S. 428, 44 S. Ct. 396, 68 L. Ed. 770; Boyle v. Gray (C. C. A.) 28 F.(2d) 7; Lang v. Choctaw, etc., Co. (C. C. A.) 160 F. 355; and Palmer v. Texas, 212 U. S. 118, 29 S. Ct. 230, 53 L. Ed. 435, concede that if the state chancery court, through its sheriff, had possession of the attached property, that court was the proper court in which to determine the question of the solvency of the oil company at the date of the levy. Had this concession been made in the lower court, it is not perceived how that court could consistently have retained jurisdiction, as it had already held that the property at the time of the filing of the petition in bankruptcy was in the possession and control of the chancery court of Nevada county, Ark.

It follows that the order appealed from in case No. 8881 should be and is reversed, and the cause remanded with directions to dismiss the suit for want of jurisdiction.