## MARCELL et al. v. ENGEBRETSON (two cases).*
### Nos. 9976, 10030.

Circuit Court of Appeals, Eighth Circuit.

Nov. 22, 1934.

Rehearing Denied Dec. 31, 1934.

*Supplemental petition for rehearing granted.

94

Clinton Brome and W. H. Herdman, both of Omaha, Neb. (U. S. G. Cherry and Gale B. Braithwaite, both of Sioux Falls, S. D., on the brief), for appellants.

M. E. Culhane, of Minneapolis, Minn., and Olaf Eidem, of Brookings, S. D. (Frank L. Weaver and William M. Giller, both of Omaha, Neb., on the brief), for appellee.

Before GARDNER and SANBORN, Circuit Judges.

SANBORN, Circuit Judge.

The facts out of which this controversy arises are, in substance, as follows:

In 1921 the United States District Court for the District of Nebraska appointed a re-ceiver for the Brictson Manufacturing Company, a South Dakota corporation doing business in Nebraska. Upon appeal, this court determined that there was no basis for the appointment, and required the lower court to turn back the property taken over by its receiver to the corporation. Brictson Mfg. Co. v. Close et al., 280 F. 297. There were delays in carrying out the mandate (Brictson Mfg. Co. v. Woodrough (C. C. A.) 284 F. 484; Id. (C. C. A.) 289 F. 1020), and, before the receiver had actually turned back the property, the Attorney General of Nebraska, on March 13, 1923, brought a pro-ceeding in quo warranto in a state court of Nebraska against the corporation, asking that it be ousted from the state and dissolved, and that its property be placed in the hands of trustees to be appointed by the court. The state court found that the corporation was "conceived in fraud by one O. A. Brictson, and was at all times from the time of its incorporation, merely a fictitious and fraud-ulent corporation and enterprise formed for the purpose of enabling its chief promoter, O. A. Brictson, to defraud persons to whom the stock of said defendant company might be sold, out of money and property, and for the further purpose of enabling said Brictson to appropriate said sums so ob-tained to his own use and benefit"; that the corporation had fraudulently procured its license to sell stock in Nebraska, and was guilty of unlawfully holding and exercising the franchises and privileges of a corpora-tion in the state of Nebraska, and had for-feited all its corporate rights in that state. The decree of the state court, which was en-tered February 16, 1924, forfeited the rights of the corporation to continue its business and to exercise any of the powers of a cor-poration in the state of Nebraska, ousted it from the state, and enjoined it from ex-ercising corporate powers therein, and from collecting its debts or dealing with or dis-posing of any of its property in Nebras-ka. The decree also provided for the dis-solution of the corporation, and appointed trustees "for the creditors and stockholders," "to immediately proceed to collect the debts, property and assets of defendant corpora-tion within the State of Nebraska, and to pay the liabilities of said corporation and to divide the surplus among those lawfully entitled thereto." By the decree, the corpora-tion, its officers and agents, were enjoined from in any way interfering with the trus-tees. From this decree, the Brictson Man-ufacturing Company took an appeal to the Supreme Court of Nebraska. That court

first held that the decree, in so far as it ordered a dissolution of the corporation and the appointment of trustees, was erroneous (State ex rel. Spillman, Atty. Gen., v. Brictson Mfg. Co., 113 Neb. 781, 205 N. W. 246, 41 A. L. R. 992); but, upon rehearing, it was held that the appointment of the trustees "to collect the debts due the corporation, pay the liabilities of the corporation, and, when properly ordered, pay over the surplus, if any, to those thereto entitled, as provided by section 9298, Comp. St. 1922 [of Nebraska]," was valid. Id., 114 Neb. 341, 207 N. W. 664, 666, 44 A. L. R. 1172. The date of this decision of the Supreme Court was February 12, 1926.

After the entry of the decree of ouster by the state court, and its affirmance by the Supreme Court, a controversy immediately arose in the United States District Court for the District of Nebraska as to whether that court, by virtue of the mandate from this court, requiring it to turn back the property in the hands of its receiver to the Brictson Manufacturing Company, was required so to do, or whether it should recognize the trustees appointed by the state court as the successors of the corporation. The United States District Court held that, in view of the state court's decree, the trustees must be recognized as having succeeded to the rights of the corporation, and that the receiver must account to them for the property in his hands, and filed its order to that effect on November 3, 1926. This court, upon appeal, affirmed the order of the lower court [Brictson Mfg. Co. v. Close et al., 25 F.(2d) 794], holding that the federal court had no alternative other than to abide by the decision of the state court. We said [page 802 of 25 F.(2d)]: "As long as the judgment of the state court in the quo warranto proceeding stands, the Brictson Manufacturing Company could not in Nebraska receive said property. Trustees appointed by the state court in the quo warranto proceeding are the successors in interest and stand in the place of the Brictson Manufacturing Company, and are entitled under the decision of the Nebraska Supreme Court to take over the assets in Nebraska of the Brictson Manufacturing Company." Our decision was rendered April 2, 1928. This was a final determination that the property in the hands of the federal receiver, subject to deductions for necessary expenditures made by him for the preservation of the property, belonged to the trustees of the state court to be administered by them under its direction. The property, however, was not actually delivered by the receiver to the trustees until September 9, 1929.

In the meantime and on August 9, 1929, an involuntary petition in bankruptcy had been filed against the Brictson Manufacturing Company in the United States District Court for the District of South Dakota, and on August 21, 1929, it was adjudged a bankrupt, and thereafter Martin Engebretson was appointed trustee in bankruptcy. Engebretson claimed to be entitled to the property in Nebraska, upon the theory that it was in the constructive possession of the bankrupt at the time the involuntary petition was filed. The Nebraska trustees resisted this claim. After several abortive attempts to secure possession of the property, the trustee in bankruptcy, on January 30, 1933, filed in the bankruptcy proceedings a petition for an order directing the Nebraska trustees to show cause why the court of bankruptcy should not adjudge and decree that they had no right, title, or interest in any of the assets of the Brictson Manufacturing Company, and why they should not turn over to the petitioner all assets of the bankrupt which they had received after the filing of the petition in involuntary bankruptcy, and be restrained and enjoined from in any manner interfering with the trustee in bankruptcy or the administration in bankruptcy of the bankrupt's estate. Upon the filing of this petition the court of bankruptcy issued such an order to show cause, which order was served upon the trustees in the state of Nebraska. The trustees, in making their return to the order, appeared specially, objected to the jurisdiction of the court over their persons, and asserted that, being adverse claimants, the court of bankruptcy was without power, in a summary proceeding, to determine the question of title or right to possession of the property in question, without their consent. The court of bankruptcy, after having overruled the special appearance, entered an order adjudging that the trustee in bankruptcy was the owner and entitled to the possession of the property, and authorizing him to take all necessary and proper measures to secure its possession. From this order these appeals were taken, and, out of abundance of caution, the allowance of one appeal was secured from this court, and the allowance of the other from the court of bankruptcy.

Being a "controversy arising in a bankruptcy proceeding," the appeal was properly taken under section 24a of the Bankruptcy Act (11 USCA § 47 (a). In re Schulte-United, Inc. (C. C. A. 8) 59 F.(2d) 553,

559; Central Republic Bank & Trust Co. et al. v. Caldwell et al. (C. C. A. 8) 58 F.(2d) 721, 723. Hence the appeal allowed by this court will be dismissed.

The court below was very careful to treat the summary proceeding as a proceeding strictly in rem. It regarded the property in suit as a part of the bankrupt's estate at the time of bankruptcy, and went no further than to determine that the trustee in bankruptcy was entitled to it.

While, at the time the involuntary petition in bankruptcy was filed, the actual physical custody of the property involved in this proceeding was in the United States District Court for the District of Nebraska, through its receiver, it must be kept in mind that that court had on November 3, 1926, recognized the right of the trustees appointed by the state court to the possession of the property, and had long before determined that the receiver had no right to hold it. Hence, in practical effect, the receiver had become a mere custodian of the property for those who were entitled to it—namely, the trustees appointed by the state court—and had been such custodian ever since the trustees had been made the successors of the corporation on February 16, 1924. His possession was, to all practical intents and purposes, their possession.

"The title to property in the hands of a receiver is not in him, but in those for whose benefit he holds it. Nor in a legal sense is the property in his possession. It is in the possession of the court, by him as its officer." Thompson v. Phenix Ins. Co., 136 U. S. 287, 297, 10 S. Ct. 1019, 1023, 34 L. Ed. 408; Wiswall v. Sampson, 14 How. 52, 65, 14 L. Ed. 322; Heidritter v. Elizabeth Oil Cloth Co., 112 U. S. 294, 304, 5 S. Ct. 135, 28 L. Ed. 729; Union Nat. Bank v. Bank of Kansas City, 136 U. S. 223, 236, 10 S. Ct. 1013, 34 L. Ed. 341; Porter v. Sabin, 149 U. S. 473, 478–480, 13 S. Ct. 1008, 37 L. Ed. 815; Manufacturers' & Traders' Nat. Bank of Buffalo v. Gilman et al. (C. C. A. 1) 7 F.(2d) 94, 97; Imperial Assurance Co. v. Livingston et al. (C. C. A. 8) 49 F.(2d) 745, 750.

Hence, at the time the involuntary petition was filed, the corporation had neither the actual possession of its property in the state of Nebraska nor the right to such possession.

"Upon adjudication, title to the bankrupt's property vests in the trustee with actual or constructive possession, and is placed in the custody of the bankruptcy court.

Mueller v. Nugent, 184 U. S. 1, 14, 22 S. Ct. 269, 46 L. Ed. 405. The title and right to possession of all property owned and possessed by the bankrupt vests in the trustee as of the date of the filing of the petition in bankruptcy, no matter whether situated within or without the district in which the court sits. Robertson v. Howard, 229 U. S. 254, 259, 260, 33 S. Ct. 854, 57 L. Ed. 1174; Wells v. Sharp (C. C. A.) 208 F. 393; Galbraith v. Robson-Hilliard Grocery Co. (C. C. A.) 216 F. 842. It follows that the bankruptcy court has exclusive jurisdiction to deal with the property of the bankrupt estate. It may order a sale of real estate lying outside the district. Robertson v. Howard, supra; In re Wilka (D. C.) 131 F. 1004. When this jurisdiction has attached, the court's possession cannot be affected by actions brought in other courts. White v. Schloerb, 178 U. S. 542, 20 S. Ct. 1007, 44 L. Ed. 1183; Murphy v. Hofman Co., 211 U. S. 562, 29 S. Ct. 154, 53 L. Ed. 327; Dayton v. Stanard, 241 U. S. 588, 36 S. Ct. 695, 60 L. Ed. 1190. This is but an application of the well-recognized rule that, when a court of competent jurisdiction takes possession of property through its officers, this withdraws the property from the jurisdiction of all other courts which, though of concurrent jurisdiction, may not disturb that possession; and that the court originally acquiring jurisdiction is competent to hear and determine all questions respecting title, possession, and control of the property. Murphy v. Hofman Co., supra; Wabash R. Co. v. Adelbert College, 208 U. S. 38, 28 S. Ct. 182, 52 L. Ed. 379; Harkin v. Brundage, 276 U. S. 36, 48 S. Ct. 268, 72 L. Ed. 457." Isaacs v. Hobbs Tie & Timber Co., 282 U. S. 734, 737, 738, 51 S. Ct. 270, 271, 75 L. Ed. 645.

Nevertheless, "it is well settled that a court of bankruptcy is without jurisdiction to adjudicate in a summary proceeding a controversy in reference to property held adversely to the bankrupt estate, without the consent of the adverse claimant; but resort must be had by the trustee to a plenary suit. Mueller v. Nugent, 184 U. S. 1, 15, 22 S. Ct. 269, 46 L. Ed. 405; Louisville Trust Co. v. Comingor, 184 U. S. 18, 24, 22 S. Ct. 293, 46 L. Ed. 413; Jaquith v. Rowley, 188 U. S. 620, 623, 23 S. Ct. 369, 47 L. Ed. 620; Schweer v. Brown, 195 U. S. 171, 172, 25 S. Ct. 15, 49 L. Ed. 144; Galbraith v. Vallely, 256 U. S. 46, 48, 41 S. Ct. 415, 65 L. Ed. 823; Taubel Co. v. Fox, 264 U. S. 426, 433, 44 S. Ct. 396, 68 L. Ed. 770; May v. Henderson, 268 U. S. 111, 115, 45 S. Ct. 456, 69 L. Ed. 870; Board of Ed-

ucation v. Leary, 236 F. 521, 524, 149 C. C. A. 573; Lynch v. Roberson (C. C. A.) 287 F. 433, 435, 437. However, the court is not ousted of its jurisdiction by the mere assertion of an adverse claim; but, having the power in the first instance to determine whether it has jurisdiction to proceed, the court may enter upon a preliminary inquiry to determine whether the adverse claim is real and substantial or merely colorable. And if found to be merely colorable the court may then proceed to adjudicate the merits summarily; but if found to be real and substantial it must decline to determine the merits and dismiss the summary proceeding. Mueller v. Nugent, supra [184 U. S.] 15 [22 S. Ct. 269, 46 L. Ed. 405]; Louisville Trust Co. v. Comingor, supra [184 U. S.] 25 [22 S. Ct. 293, 46 L. Ed. 413]; Taubel Co. v. Fox, supra [264 U. S.] 433 [44 S. Ct. 396, 68 L. Ed. 770]; May v. Henderson, supra [268 U. S.] 116 [45 S. Ct. 456, 69 L. Ed. 870]; Board of Education v. Leary, supra [236 F.] 525 [149 C. C. A. 573]; Lynch v. Roberson, supra [287 F.] 436." Harrison, Trustee, v. Chamberlin, 271 U. S. 191, 193, 194, 46 S. Ct. 467, 468, 70 L. Ed. 897.

■ An adverse claim "is to be deemed of a substantial character when the claimant's contention 'discloses a contested matter of right, involving some fair doubt and reasonable room for controversy,' Board of Education v. Leary, supra [236 F.] 527 [149 C. C. A. 573], in matters either of fact or law; and is not to be held merely colorable unless the preliminary inquiry shows that it is so unsubstantial and obviously insufficient, either in fact or law, as to be plainly without color of merit, and a mere pretense. Compare Binderup v. Pathé Exchange, 263 U. S. 291, 295, 44 S. Ct. 96, 68 L. Ed. 308, and Moore v. New York Cotton Exchange, 270 U. S. 593, 46 S. Ct. 367, 70 L. Ed. 750 [45 A. L. R. 1370]." Harrison, Trustee, v. Chamberlin, supra, 271 U. S. 191, 195, 46 S. Ct. 467, 469, 70 L. Ed. 897.

■ If the property now in the hands of the Nebraska trustees was in the constructive possession of the bankrupt at the time of the filing of the involuntary petition, the court below had the right and the power to determine the question of title; but if the property was not in the constructive possession of the bankrupt at that time, but was in the possession, either actual or constructive, of the Nebraska trustees, it had no such power, since they did not consent to the summary proceeding. Central Republic Bank &

Trust Co. of Buffalo v. Caldwell et al. (C. C. A. 8) 58 F.(2d) 721, 730; Bee Building Co. v. Daniel (C. C. A. 8) 57 F.(2d) 59, 60, 61; Gamble v. Daniel (C. C. A. 8) 39 F.(2d) 447, 452, 453; Page v. Arkansas Natural Gas Corporation (C. C. A. 8) 53 F.(2d) 27, 33, 34.

In Taubel-Scott-Kitzmiller Co., Inc., v. Fox et al., 264 U. S. 426, 432, 44 S. Ct. 396, 398, 68 L. Ed. 770, the Supreme Court said: "By the act of 1898 as originally enacted, the power of the bankruptcy court to adjudicate, without consent, controversies concerning the title, arising under either section 67e, or section 60b, or section 70e [11 USCA §§ 96 (b), 107 (e), 110 (e)], was confined to property of which it had possession. The possession, which was thus essential to jurisdiction, need not be actual. Constructive possession is sufficient. It exists where the property was in the physical possession of the debtor at the time of the filing of the petition in bankruptcy, but was not delivered by him to the trustee; where the property was delivered to the trustee, but was thereafter wrongfully withdrawn from his custody; where the property is in the hands of the bankrupt's agent or bailee; where the property is held by some other person who makes no claim to it; and where the property is held by one who makes a claim, but the claim is colorable only."

In Clay v. Waters (C. C. A. 8) 178 F. 385, 392, 21 Ann. Cas. 897, this court said: "The District Court sitting in bankruptcy has jurisdiction to determine by summary proceedings, after a reasonable notice to claimants to present their claims to it, controversies between the trustee and adverse claimants over liens upon and the title and possession of (1) property in the possession of the bankrupt when the petition in bankruptcy is filed, (2) property held by third parties for him, (3) property lawfully seized by the marshal as the bankrupt's under clause 3 of section 2 of the Bankruptcy Law [11 USCA § 11, cl. 3], and (4) property claimed by the trustee which has been lawfully reduced to actual possession by the officers of the court."

And in Shea v. Lewis (C. C. A. 8) 206 F. 877, at page 880, we said: "The bankruptcy court has jurisdiction to draw to itself, and to determine by summary proceedings after reasonable notice to claimants, the merits of controversies between the trustee and such claimants over liens upon and title to property claimed by the trustee as that of the bankrupt which has been lawfully re-

duced to the actual possession of the trustee or of some other officer of the bankruptcy court as the property of the bankrupt. When those in possession are not adverse claimants, but are only representatives of the bankrupt, without claim of lien upon, or right to, the property in themselves, the bankruptcy court may by summary proceeding take the actual possession of the property, and then, when it has thus acquired the actual possession, may by summary proceedings determine the validity of claims or liens upon and titles to it." See, also, In re Rathman (C. C. A. 8) 183 F. 913.

In Buss v. Long Island Storage Warehouse Co. (C. C. A. 2) 64 F.(2d) 338, 339, Judge Learned Hand said: "The power over a bankrupt's estate depends primarily on actual custody, like that of any other court that proceeds in rem. Having taken hold of the property, it may award it to whom it thinks lawful, and other courts will recognize the interests so decreed. However, its power is not limited to goods of which it has actual custody through its officer; a marshal, a receiver, or a trustee. It may also seize summarily other goods, which are in that case said to be 'constructively' in its possession at petition filed. The underlying condition upon this incidental power is that the property must be in the possession of one who acknowledges that he holds it subject to the bankrupt's demand. Such a bailee, making no claim of interest, is subject to the orders of the bankruptcy court as such."

We think that, under the peculiar circumstances of this case, it could not be said that either the receiver of the United States District Court for the District of Nebraska, who had the actual physical possession of this property at the time the involuntary petition was filed, or the trustees appointed by the state court, who had the right to the possession of the property, were, in any proper sense, the representatives, agents or bailees of the bankrupt. The receiver, as has already been pointed out, was holding the property for the trustees, and the trustees under the decree of the state court were to keep the property away from the corporation and to apply it to the payment of the debts of the corporation and for the benefit of its creditors and stockholders (primarily those in Nebraska), returning any surplus to whomever that court might find to be entitled thereto. We are, therefore, of the opinion that the constructive possession of this property was in the state court by its trustees, that the adverse claim of the trustees was substantial, and that the court of bankruptcy

was without power to adjudicate the title to this property in a summary proceeding, over the objection of the appellants.

■ But, even if it could properly be held that the appellants were not in a position of claimants holding property of the bankrupt adversely at the time the petition was filed, we would still be of the opinion that the court of bankruptcy was without jurisdiction to deal with that property, because of the proceedings in the state court of Nebraska. These proceedings had resulted in the appointment of the trustees to take over the property in suit, long prior to the four months' period preceding the filing of the involuntary petition, and we think that the fact that the state court had not actually come into possession of the property which it was seeking to reach, would not prevent the operation of the well established rule referred to by the Supreme Court in the case of Isaacs v. Hobbs Tie & Timber Co., supra, 282 U. S. 734, 737, 51 S. Ct. 270, 272, 75 L. Ed. 645, that "when a court of competent jurisdiction takes possession of property through its officers, this withdraws the property from the jurisdiction of all other courts which, though of concurrent jurisdiction, may not disturb that possession; and that the court originally acquiring jurisdiction is competent to hear and determine all questions respecting title, possession, and control of the property."

In McKinney v. Landon (C. C. A. 8) 209 F. 300, 306, this court said: "But where the declared purpose of an action in whole or in part is directed to specific property, and the full accomplishment thereof may require judicial dominion and control, jurisdiction of the property attaches at the beginning of the action. And it is so if dominion and control are essential to the action, though not yet exercised."

And in Palmer v. State of Texas et al., 212 U. S. 118, 129, 29 S. Ct. 230, 233, 53 L. Ed. 435, the Supreme Court said: "We think the law of this court is well established to be that jurisdiction over the property was acquired by the state courts when the receiver was appointed, the judicial process served, and the receiver duly qualified, although state receiver had not taken actual possession of the property." It was further said, on page 129 of 212 U. S., 29 S. Ct. 230, 234: "If this rule is not applied, a court of competent jurisdiction, which, by the law of its own procedure, has acquired jurisdiction of property, may find itself, as in this case, after final judgment, maintaining its right

over the property, at the conclusion of the litigation deprived of the subject-matter of the suit."

See, also, Lion Bonding & Surety Co. v. Karatz, 262 U. S. 77, 88, 43 S. Ct. 480, 67 L. Ed. 871; Edward Murphy v. John Hofman Co., 211 U. S. 562, 569, 29 S. Ct. 154, 53 L. Ed. 327. The rule applies to courts of bankruptcy as well as other courts. Frazier et al. v. Southern Loan & Trust Co. (C. C. A. 4) 99 F. 707; Pickens v. Roy, 187 U. S. 177, 180, 23 S. Ct. 78, 47 L. Ed. 128; Blair v. Brailey et al. (C. C. A. 5) 221 F. 1, 3, 4; Park Lane Dresses, Inc., et al. v. Houghton & Dutton Co. et al. (C. C. A. 1) 54 F.(2d) 33, 37; Whitney v. Barrett (C. C. A. 5) 28 F.(2d) 760; In re Greenlie-Halliday Co. (C. C. A. 2) 57 F.(2d) 173; Straton et al. v. New, Trustee in Bankruptcy et al., 283 U. S. 318, 51 S. Ct. 465, 75 L. Ed. 1060; Empire Trust Co. et al. v. Brooks (C. C. A. 5) 232 F. 641; Priest v. Weaver (C. C. A. 8) 43 F.(2d) 57, 60; Neely v. McGehee et al. (C. C. A. 5) 2 F.(2d) 853; Lynch v. Roberson (C. C. A. 6) 287 F. 433; In re McAllister (C. C. A. 2) 7 F.(2d) 9.

A very complete review of this subject will be found in Remington on Bankruptcy (3d Ed.) vol. 5, §§ 2040 to 2066. The author states his conclusion as follows [§ 2042]: "Where property, afterwards claimed by the bankruptcy trustee, is taken into the custody of the State court (or any other court than the bankruptcy court) before the bankruptcy petition was filed, the State court, or such other court, continues to retain jurisdiction over the entire matter, except in three instances, later to be explained, and the only thing for the trustee to do is to get himself admitted as a party into the case in the State court and to litigate his rights there." The exceptions to this rule are stated to be [§ 2067]: "First, where the possession of the State Court has itself created a lien by legal proceedings within four months of the bankruptcy, whilst the debtor was insolvent; second, where a receiver, assignee or trustee appointed by the State Court within four months of the bankruptcy, is in possession; third, where the possession is under State Insolvency proceedings that are superseded by the Bankrupt Act."

It is clear that the situation with which we are confronted falls within the rule as stated by Remington, and not within the exceptions to it.

We cannot distinguish this case in principle from Frazier et al. v. Southern Loan & Trust Co. (C. C. A. 4), supra, 99 F. 707, where it was held that an order appointing a receiver more than four months prior to the filing of a petition in bankruptcy, brought the property within the custody and control of the state court, although the receiver had not acquired actual possession; nor can we differentiate it from Pickens v. Roy, supra, 187 U. S. 177, 23 S. Ct. 78, 47 L. Ed. 128, which cites that case with approval.

It is true that a distinction has been made between actions brought in a state court by creditors and those brought by stockholders, as was pointed out by the Circuit Court of Appeals of the First Circuit in Park Lane Dresses, Inc., et al. v. Houghton & Dutton Co. et al., supra, 54 F.(2d) 33, 37, in referring to Miller v. Potts (C. C. A. 6) 26 F.(2d) 851, and Bank of Andrews et al. v. Gudger (C. C. A. 4) 212 F. 49.

But the state court proceedings with which we are concerned were for the benefit of both stockholders and creditors. To hold that the filing of the involuntary petition ousted the state court of Nebraska of its jurisdiction, acquired years before the involuntary petition was filed, over the Brictson Manufacturing Company and its assets in the state of Nebraska, would be to leave that court with nothing but memories.

Our conclusion is that the court below was without jurisdiction to adjudicate the title to the property in the hands of the trustees appointed by the state court, and that it should have dismissed the summary proceeding for want of jurisdiction.

The order appealed from is reversed, and the case remanded, with directions to grant such a dismissal.