## In re M. H. BEKKEDAL & SONS., Inc.

## WISCONSIN BANKING COMMISSION et al. v. VAN STEENWYCK.

### No. 5512.

Circuit Court of Appeals, Seventh Circuit. Dec. 11, 1935.

As Amended Feb. 6, 1936.

338

J. Henry Bennett, of Viroqua, Wis., and Walter H. Farnsworth, of Portage, Wis., for appellants.

George H. Gordon and D. S. Law, both of La Crosse, Wis., for appellee.

Before EVANS and ALSCHULER, Circuit Judges, and BRIGGLE, District Judge.

ALSCHULER, Circuit Judge.

The appeal is from an order of the District Court directing appellants to assign to appellee, as trustee of the bankrupt corporation of M. H. Bekkedal & Sons, Inc., a certificate of purchase under sheriff's sale of real estate located near Minocqua, Wis., which had been sold under a judgment against M. H. Bekkedal, based on his liability as a stockholder of a failed Wisconsin state bank.

The order on appellants to turn over to the trustee their sheriff's certificate ·of purchase of · the property was made in a summary proceeding by the trustee. Appellants made timely insistence that their claim to the property was adverse to that of the trustee, and that the trustee was not in possession of the property actually or constructively, and that therefore the summary proceeding would not lie, but that only through a plenary action could the rights of appellants be assailed.

Bekkedal and his sons had long carried on as a partnership a very extensive mercantile business, converting it, in 1924, into the Wisconsin corporation which took over the partnership property and subsequently became bankrupt. The partners became the corporate stockholders, M. H. Bekkedal being the largest stockholder, the corporate president, and a director. Long before the corporate organization, he had acquired title to the real estate in question and was in possession of it. He later constructed a summer residence upon it, the materials and cash for which were taken from the corporation to the extent of $8,880.22. On the corporate books this item was carried as "Minocqua building account."

In 1927, there was set up on the corporate books as a real estate asset "Minocqua property" (without further description) at a stated value of $20,000, and this so remained until the bankruptcy in May, 1933. Beginning with 1927, an annual audit of the corporation was made and submitted to a Wisconsin bank which was a very large corporate creditor, and in each of such audits "Minocqua property" appeared as a corporate asset to the amount of $20,000.

The suit against Bekkedal by the Wisconsin Banking Commission was commenced in Vernon county, Wis., November 25, 1932, and judgment thereon was rendered November 25, 1933. On November 28, 1933, transcript of the judgment was filed in Oneida county, Wis., wherein the real estate is located, and on March 21, 1934, it was sold by the sheriff under the judgment and was bid in by the Banking Commission, for the benefit of the failed bank, for $8,959.29, and a sheriff's certificate of sale was issued to the Commission. At all these times the record title of the property was in M. H. Bekkedal, with nothing of record to indicate any interest or claim therein of the Bekkedal corporation or its trustee.

In September, 1933, the trustee, learning that the title was in Bekkedal, procured a rule on him to show cause why title should not be conveyed to the trustee. On November 20, 1933, there was a hearing on the rule, and the attorneys agreed that Bekkedal should deed the property to the trustee. This Bekkedal declined to do. Later another such rule was served on him, and thereafter, on June 29, 1934, Bekkedal quitclaimed the property to the trustee. The Commission was not represented at these proceedings.

As against the trustee, appellants' sheriff's certificate constitutes an adverse claim, which, unless the trustee was in possession of the property, would confer no right on the bankruptcy court to proceed summarily to adjudicate. Harrison v. Chamberlin, 271 U.S. 191, 46 S.Ct. 467, 70 L.Ed. 897; Taubel-Scott-Kitzmiller Co. v. Fox, 264 U.S. 426, 44 S.Ct. 396, 68 L.Ed. 770; In re Indiana Flooring Co. (C.C.A.) 62 F.(2d) 763.

In such circumstances, the rights of adverse claimants may be attacked by the trustee only in a plenary action. Harrison v. Chamberlin, supra; Galbraith v. Vallely, 256 U.S. 46, 41 S.Ct. 415, 65 L.Ed. 823; Jaquith v. Rowley, 188 U.S. 620, 23 S.Ct. 369, 47 L.Ed. 620; In re Yorkville Coal Co. (C.C.A.) 211 F. 619;

Central Republic Bank & Trust Co. v. Caldwell (C.C.A.) 58 F.(2d) 721, 730. This court so decided in Re Rockford Produce & Sales Co., 275 F. 811.

That the claim of appellants is adverse seems so apparent to us that without further discussion of it we pass to the question whether the possession of the property was in the trustee in bankruptcy. The property was located a considerable distance from the corporate place of business, and constituted what is commonly known as a summer residence. Bekkedal had long occupied it as such during the heated term, and his family, including the sons and their families, often visited him there. He had the physical possession of the property when he was there, and there is nothing to indicate that he did not have full dominion over it at those seasons when it was not occupied. There is nothing in the record to indicate possession by the corporation, unless it be said that Bekkedal's presidency and directorship of the corporation, and the directorship of his sons, indicated that his occupancy of the property and dominion of it were in fact the possession and dominion of the corporation. Under the record here we do not think that this is sufficiently apparent to warrant the assumption for jurisdictional purposes that Bekkedal's apparent continuous possession of this property was in fact the possession of his corporation.

Of course, if Bekkedal had before the bankruptcy conferred on the corporation the legal title of the property, one could more readily have regarded Bekkedal's possession of the property as that of his corporation; but in the absence of all semblance of legal title, and with at best only an equitable right to it, we would not be warranted, under this record, in concluding that the possession of this property, actual or constructive, was in the trustee when he began this summary proceeding to deprive appellants of the adverse interest they claim by virtue of their sheriff's certificate of sale.

Appellants having at no time consented to the determination of their adverse claim in the summary proceeding, we must conclude that the court was without jurisdiction to proceed summarily; and the order of the District Court is therefore reversed with direction to dismiss the action, without prejudice to appellee's right to proceed by a plenary suit.