**ENGEBRETSON v. MARCELL et al.**

No. 10580.

Circuit Court of Appeals, Eighth Circuit.

June 12, 1936.

M. E. Culhane, of Minneapolis, Minn. (Frank L. Weaver and William M. Giller, both of Omaha, Neb., and Olaf Eidem, of Brookings, S. D., on the brief), for appellant.

Clinton Brome and W. H. Herdman, both of Omaha, Neb., for appellees.

Before GARDNER and SANBORN, Circuit Judges, and NORDBYE, District Judge.

SANBORN, Circuit Judge.

This appeal is from an order dismissing, for lack of jurisdiction, the complaint of Martin Engebretson, trustee in bankruptcy of the Brictson Manufacturing Company. The suit was in equity in the United States District Court for the District of Nebraska, and the relief sought was a decree requiring the defendants—the trustees appointed by a state court of Nebraska in the quo warranto proceeding whereby the Brictson Manufacturing Company was ousted from the state of Nebraska and its property placed in the hands of trustees—to account for and turn over to the trustee in bankruptcy all of the property formerly belonging to the Brictson Manufacturing Company which has come into their hands. The factual as well as the legal basis for this suit is in all substantial respects identical with that of the summary proceedings in the bankruptcy court, whereby the same trustee in bankruptcy endeavored to secure possession of the same assets from the same state court trustees, and which basis was fully set forth and discussed in Marcell et al. v. Engebretson (C.C.A.) 74 F.(2d) 93. In that case we held that the court of bankruptcy lacked jurisdiction of the summary proceedings for two reasons: (1) The state trustees were adverse claimants; and (2) the state court in the quo warranto proceedings had, through its trustees, taken over the Nebraska assets of the bankrupt for liquidation and distribution to creditors and stockholders more than four months prior to the filing of the petition in bankruptcy. After our opinion was filed, the trustee in bankruptcy filed a petition for rehearing, which was granted, and the case was reargued. We then re-examined the bases for our opinion, and adhered to the views which we had expressed and the conclusions which we had reached. 76 F.(2d) 876. The trustee in bankruptcy applied to the Supreme Court for certiorari, and certiorari was denied. Engebretson, Trustee, v. Marcell et al., Trustees, 296 U.S. 579, 56 S.Ct. 89, 80 L.Ed. 409.

Thereafter the trustee in bankruptcy brought this plenary suit in equity in the United States District Court for the District of Nebraska, and now asserts that our opinion in the Marcell Case merely determined that the claim of the state court trustees to the Nebraska assets was more than a colorable claim and that the bankruptcy court was therefore without summary jurisdiction; and that in all other respects the views which we expressed in the opinion were obiter. While we are not in accord with that contention, we have once more given careful consideration to our rulings in the Marcell Case, because of the earnest insistence of counsel for appellant that the state court trustees are mere chancery receivers or custodians of the assets of the bankrupt and do not hold these assets adversely, that the jurisdiction of the bankruptcy court attached to the assets when the petition in bankruptcy was filed and is paramount and exclusive, and that the state court acquired no right to administer the assets in the quo warranto proceedings superior to the right of the court

of bankruptcy, even though it be held that the state court, through its officers, acquired the right to possession, constructive possession, or even actual possession of this property more than four months before the petition in bankruptcy was filed. We have again reached the same conclusions to which we gave expression in the Marcell Case. It is, of course, clear that, if our decision in that case to the effect that the Nebraska state court in the quo warranto proceedings had acquired jurisdiction to administer the assets free from interference by other courts, including the court of bankruptcy, was correct, then this case is governed by that decision, and the court below had no other recourse than to dismiss the complaint.

No useful purpose would be served by again discussing the rule which we applied or the authorities supporting that rule. The appellant regards the rule as inapplicable to this situation, and again contends for the rule which was applied in Bank of Andrews et al. v. Gudger (C.C.A.4) 212 F. 49, and Miller v. Potts (C.C.A.6) 26 F.(2d) 851, which cases involved property in the hands of state court receivers appointed in winding up proceedings instituted by stockholders, which proceedings it was held did not deprive the creditors of the bankrupt of the right to avail themselves of the provisions of the Bankruptcy Act (11 U.S.C.A.).

We are convinced that, upon the facts stated in the complaint, comity and the rule of law which prevents unseemly conflicts between a state court and a federal court over the administration of assets of which one or the other has first lawfully acquired possession and jurisdiction compels a dismissal of this suit for want of jurisdiction in the federal court. There is perhaps no impropriety in our saying that, if we had an uncontrolled discretion, we would be inclined to sustain the jurisdiction of the court below, in the hope that that course might in some way result in the distribution of the assets of the Brictson Manufacturing Company to those who are entitled to them, and thus put an end to litigation which seems interminable. The state court trustees secured actual possession of the disputed assets on September 9, 1929. Nearly seven years have passed, and the assets are still undistributed. We must assume, however, that the state court is entirely competent to decide correctly all questions regarding the title and right to possession of these assets, and that it has at all times been open to those claiming any right, title, or interest in them. An erroneous decision by that court would be subject to review, not only by the Supreme Court of Nebraska, but, if a federal question were involved, by the United States Supreme Court upon certiorari. It cannot therefore be said that the trustee in bankruptcy is remediless because the doors of the court below are closed to him.

The order appealed from is affirmed.