In re PATTEN PAPER CO., Limited.

NORTHERN PAPER MILLS et al.
v. CARY et al. (two cases).

Nos. 5770, 5773.

Circuit Court of Appeals, Seventh Circuit.
Dec. 2, 1936.

Rehearing Denied Jan. 9, 1937.

Harold M. Wilkie, of Madison, Wis., Joseph V. Quarles, of Milwaukee, Wis., and Homer H. Benton, of Appleton, Wis., for appellants.

Jerome R. North, and Edward M. Duquaine, both of Green Bay, Wis., and R. B. Graves, of Wisconsin Rapids, Wis., for appellees.

Before EVANS, Circuit Judge, and LINDLEY and BRIGGLE, District Judges.

EVANS, Circuit Judge.

These appeals concern the jurisdiction of a District Court in 77B proceedings over pledged stock in other corporations, where debtor's interest is that of pledgor or assignee of pledgor's equity. The District Court sought by the orders appealed from to effect a most advantageous sale of said stock, possible only if a controlling interest could be transferred. Without a successful culmination of this effort to secure and sell a controlling interest of the company, the most feasible, practicable plan of reorganization could not be worked out.

The questions presented on the two appeals involve similar legal questions and will be disposed of in one opinion.

The fact situation is difficult to present because of the numerous parties and pledge contracts involved in the various transactions. As to personnel involved:

Patten Paper Company is the debtor.

Northern Paper Mills is in the most instances the corporation whose stock is the subject of pledge.

Western Ontario Land Co. is a wholly owned subsidiary of Patten Paper Co.

Marshall Ilsley Bank and Inland Paper Co. are other companies whose stock is pledged.

Directors of the Northern Paper are: Buchanan, Weissenborn, Harwood, Purdy, Murray, Wagner (also trustee under previous agreement of pledge by debtor to secure creditors), Tuttle, Goodman (executrix of former director), Judson Rosebush, former manager of Northern Paper Co. and formerly controlling stockholder and officer of Patten Co., Mrs. Barbara McNaughton Rosebush, Cary, trustee of debtor, Newton, an engineer and promoter whose contract (or option as appellee calls it) to purchase 40,000 shares of Northern Paper (a controlling interest) at $16 was approved by the court and was the basis of the plan of reorganization. It was the immediate cause of the present litigation.

The pledged stock was (mainly) that of the Northern Paper Company. The chief pledgor, Rosebush (and his wife, also a pledgor) was a former officer of debtor who had assigned his (and her) equity in the pledged stock to the debtor. Debtor also pledged two blocks of stock. Some of the pledged stock had been sold before the entry of the injunctional order, but after the filing of the petition. The District Court ordered the sales set aside. Pledgees and purchasers were ordered to turn the stock over to a depositary (their lien to attach to the proceeds) and were ordered to refrain from negotiating for any Northern Paper stock which would prevent the debtor's trustee from acquiring a controlling interest and defeat consummation of the Newton contract, which provided for the payment of $16 per share of Northern Paper stock only if a majority interest were obtained.

A chronological history of facts is set forth in the margin.[1]

[1] April 2, 1932—Agreement between Wagner and Rosebush (Co-613-5000).

July 2, 1932—Wagner as trustee under agreement holds 5,000 (Co484) for creditors of Patten Co.

Feb. 24, 1933—Rosebush gave note to Patten Co. for $265,000 and pledged 5,000 shares Northern Paper as security.

Sept. 20, 1935—Rosebush discharged as general manager of Northern Paper.

Oct. 4, 1935—Rosebush owed $306,516.-67 on said note, so Northern Paper sold security without notice and purchased it for $211,250 ($20 a share).

Oct. 7, 1935—Directors purchased of First Nat. Bank notes of Rosebush and Mrs. Rosebush for $46,800 and $23,250 respectively.

Oct. 7, 1935—Northern Paper started state suit against Rosebush for $112,752.11 balance and garnishment suit against Rosebush and directors and Wagner.

Oct. 30, 1935—77B petition of Patten Paper begun. No plan yet filed.

Oct., 1935—Answer filed in garnishment suit.

Nov. 10, 1935—Mrs. Rosebush intervened in garnishment suit.

Nov. 20, 1935—Mrs. Rosebush filed answer in garnishment suit.

Also is set forth a chart[2] of the blocks of stock involved and the intricacies of each transaction, and they are hereafter denominated by the letter there given.

Appeal No. 5773 is from the order of December 30, 1935, concerning blocks (A), (B), and (F), restraining foreclosure of lien, sale or levy, or further proceeding with the state garnishment suits.

Appeal No. 5770 is from the order of February 13, 1936, approving the Newton contract, directing pledgees (including blocks (A) and (B)) to transfer free of lien their stock to a depositary for sale under the Newton contract (lien to attach to proceeds);

   setting aside sale of November 29, of blocks (C) and (D) to directors for $5 per share, as unfair;

   reserving determination of garnishment proceedings rights to itself;

   directing trustee to sell block (E)

   free of liens (to attach to proceeds);

   freeing stock of U. S. tax lien (to attach to proceeds);

   restraining the directors from negotiating for or purchasing stock in Northern Paper;

   enjoining foreclosure of lien on block (E).

The effort of the court to realize a sum sufficient to satisfy all of the debtor's obligations was most commendable. Two obstacles, however, prevented its realization. Neither, however, mitigated against the meritorious character of the effort.

A better understanding of the legal and business obstacles will be appreciated if we first get the fact background.

The Northern Paper Mills is a corporation which has for years conducted a successful paper manufacturing business. It is located at Green Bay, Wisconsin. For some months prior to this litigation its

---

Before Nov. 29—Mrs. Rosebush got state injunction restraining sale of 7,000 shares of pledged stock, to Dec. 13.

Nov. 29, 1935—Certain pledged stock sold after notice.

Dec. 11, 1935—Mrs. Rosebush assigned her interest in 7,000 shares to debtor.

Dec. 13, 1935—Federal court order to show cause on Dec. 21 why sale of 7,000 shares should not be restrained.

Dec. 21, 1935—Sale of certain pledged stock enjoined.

Dec. 30, 1935—Order appealed from in No. 5773 entered.

Jan. 9, 1936—Contract between Rosebushes, Cary, Western Ontario Land Co. (a subsidiary) for sale of all stock at $16.

Jan. 9, 1936—Date of Newton contract.

Jan. 20, 1936—Trustees' petition for approval of contract with Newton and for injunction.

Feb. 1, 1936—Complete objection of Northern Paper to jurisdiction of District Court.

Feb. 13, 1936—Order appealed from in No. 5770 entered.

Feb. 17, 1936—Sale of certain stock.

[2] The history of the various blocks of stock, named herein (A), (B), (C), (D), (E) and (F) is:

| Court Action | Name of Block | Certificate Number | Amount of Stock | Book Owner | Name of Stock | Security for, and Amount | |
|---|---|---|---|---|---|---|---|
| Directors to assign to Cary free of lien (Order in No. 5770, Feb. 13) (Sale of (A) and (B)) had been enjoined by Dist. Ct. No. 5773 Order Dec. 30.) | (A) | Co-195 | 5,000 | Issued in name of Mrs. R. | Northern Paper (Also small amounts of other stock) | Notes of Mr. R. to First Nat. Bank for $46,850 (dated June 26 to Aug. 30, 1935.) Purchased by directors Oct. 7, 1935. | Equity of Pledgor assigned to Debtor |
| | (B) | Co-614 | 2,000 | Owned by R. | | | |
| Sales vacated ((C) and (D) had been bought by directors at $5. Notice of sale given Nov. 29. (Order in No. 5770, Feb. 13)) | (C) | Co-533 C 114 C 211 C 244 | 350 | Owned by R. | | | |
| | (D) | Co 615 Co 624 Co 625 | 1,500 1,000 100 | Owned by R. | Northern Paper | Notes of Mrs. R to First Nat. Bank for $23,250 note dated Aug. 27, 1935. Pledgee's interest bought by Northern Paper. | |
| Cary to sell free of liens, Order in No. 5773, Feb. 13. | (E) | 400 Inland Co 1000 Marshall Ilsley Co. | Sale set for Feb. 17, 1936, for $6,420.90 unpaid balance. | | | | |
| Directors enjoined from selling. (No. 5773.) Order Dec. 30.) Pledgees to deposit for sale (Order No. 5773) | (F) | Co-465 | 1,000 | Owned by Patten. | Northern Paper | Pledged by Debtor to Northern Paper to secure $26,028.26 debts | |
| | | Co-484 | 5,000 | Reissued to Wagner | | Pledged by Debtor to secure creditors under agreement July 2, 1932, Wagner, Trustee. | |
| | | C168, 234, 217 Co 586 C 135 | 100 each 50 100 | R. | Northern Paper | Pledged to Wood Bank. | |
| | | C 121 | 100 | R | Northern Paper | Pledged to Kellogg Bank | Equity of Pledgor assigned to Debtor |
| Pledgees to deposit stock for sale free of lien. (Order in No. 5773, Feb. 13) | | Co 286 Co 189 C 234 C 100 Co 532 C 136 Co 212 | 25 55 50 100 500 100 850 | R R R R R R R | Northern Paper Northern Paper Northern Paper Northern Paper Northern Paper Northern Paper Northern Paper | Pledged to Orbison Pledged to Dairyman's Bank Pledged to Cleveland Iron | |

business was such as to give promise of increasingly satisfactory profits. Control of this corporation and its affairs might well be said to be the indirect object of this litigation.

Newton, an engineer, who appears in the role of a promoter, sought to obtain this control for himself or for others to whom he might sell, through a contract, the protection of which is the basis of the orders from which these appeals are taken.

Debtor owned considerable amounts of stock of Northern Paper, and had an asserted lien on, and an alleged interest in, other blocks of this stock. It asserted ownership and interest in, or liens upon, 37,745 shares of Northern Paper.

The stock of Northern Paper was listed on a stock exchange, but was inactive. Its market value was five to six dollars. Newton entered into a certain contract with the trustee of debtor's estate. By appellees, the contract is called one of sale. Appellants describe it as an option. For the purpose of identification it will be here called an option contract. The sale price of 40,000 shares of stock was in this option fixed at $16 per share. From the proceeds of this sale it was contemplated that the creditors who held the stock as security would be paid and the balance devoted to the satisfaction of debtor's obligations.

One Rosebush had been the moving and controlling spirit in debtor's affairs. There was a close relationship between the stockholders and business interests of debtor and Northern Paper. Their stock, as well as the stock of debtor, was pledged to secure the obligations of the debtor. Out of Rosebush's management of Northern Mills claims were made which resulted in notes being given by Rosebush which were secured by stock of Northern Paper, which stood either in the name of Rosebush or his wife. In a Wisconsin state court, legal steps had been taken to dispose of Northern Paper stock thus pledged as collateral to secure the Rosebush obligations. Other legal proceedings were in contemplation or under way. Sale of some stock in these legal proceedings had been completed. It was at this point that the debtor sought solution of its complicated and unhappy financial situation through appeal to the Federal court by institution of what are commonly called proceedings under section 77B of the Bankruptcy Act (11 U.S.C.A. § 207). The sale of 40,000 shares

of stock of the going value of five or six dollars for sixteen dollars per share was both alluring and intriguing. Its consummation would solve most of the debtor's problems. It would, for the most part, have resulted in the full payment of the debts secured by Northern Paper stock.

The first obstacle to the successful consummation of such a plan was that it interfered with the existing control under and by which the Northern Paper had been successfully operated. Those in charge, while not owning the majority of the stock, had the support of the majority of the stockholders because of their successful operation of the company's affairs. This, at least, was appellants' claim, and we think the record supports the claim. Newton's option was to acquire the majority of stock of Northern Paper and appellants naturally felt this would change the management and dispossess them of valuable rights. Appellants were enjoined from attempting to acquire stock for the reason that such acquisition by appellants would frustrate Newton's (and the trustee's) plan to acquire a majority of the stock. Newton's option expired on the ninth day of March. Pending this appeal the injunction against appellants, was by this court lifted. However, upon full hearing we vacated the supersedeas and permitted the District Court's order to remain in force. We directed the deposit of stock with a Milwaukee bank and its delivery to Newton upon the latter's deposit in said bank of a sum equal to sixteen dollars per share for 40,000 shares. The time allowed Newton to make the deposit in said Milwaukee bank was extended beyond the time by him requested. He, however, failed to deposit any money in the bank or to explain his reason for not doing so. In other words he defaulted on his option. His counsel and the counsel for the appellees nevertheless argue that the orders should be affirmed. The indirect consequence of the continuance of said orders is such as to require a consideration and disposition of the many difficult and vexatious questions which are presented by the two appeals.

In appeal No. 5773, the court restrained the sale of one thousand shares of common stock of Northern Paper held by it as collateral to a note given by debtor. It also restrained the sale and foreclosure of five thousand shares of Northern Paper Mills stock held by Mr. Wagner as trustee,

It also restrained the sale of seven thousand shares of Northern Paper stock which stood in the name of J. G. Rosebush and five thousand shares of the same stock in the name of Mrs. Barbara Rosebush. This last described stock was held by the directors, and was collateral to a note of J. G. Rosebush to Appleton Bank, Northern Mills, instituted suit and by garnishment attached the stock. This garnishment action was against Rosebush, defendant, and Wagner, *et al.*, garnishee defendants. It was begun prior to the filing of the petition in the instant reorganization proceeding. The District Court's order also restrained further action in the garnishment case. The order in question was made in the District Court in a summary proceeding.

We deem it sufficient to merely state our conclusions from which it follows that this order must be reversed.

■ (1) The court was without jurisdiction to restrain a suit in the state court brought by Northern Paper Mills against a stockholder of debtor on notes and collateral given by said stockholder to Northern Paper. The mere fact that the debtor was interested in certain stock of Northern Paper did not give the court of bankruptcy jurisdiction to restrain the enforcement of suits which involved transactions to which the debtor was not a party and had no suitable interest. In re Bekkedal & Sons, Inc. (C.C.A.) 81 F.(2d) 337; In re Prudence Co. (C.C.A.) 82 F.(2d) 755; In re Adolf Gobel, Inc. (C.C.A.) 80 F.(2d) 849.

■ (2) The court was without jurisdiction to dispose of the controversy in a summary proceeding against the timely asserted objection of Northern Paper. Taubel-Scott-Kitzmiller Co. v. Fox, 264 U.S. 426, 44 S.Ct. 396, 68 L.Ed. 770; Engebretson v. Marcell (C.C.A.) 84 F.(2d) 315, decided June 12, 1936; In re Chicago & N. W. Ry. Co., Debtor, 86 F.(2d) 508, decided by this court October 29, 1936; Harrison v. Chamberlin, 271 U.S. 191, 46 S.Ct. 467, 70 L.Ed. 897.

■ (3) The failure of Newton to exercise his option or to deposit the money with which to buy the stock, particularly in view of the opportunity so to do which was given him in this court is further reason for vacating an order made for the purpose of improving debtor's financial position through the enforcement of the contract wherein Newton defaulted.

*Appeal No. 5770.* While the issues on this appeal differ materially from those raised by appeal No. 5773, the fact background is the same excepting only that subsequent to the entry of the first order and prior to the entry of the second, the Rosebushes transferred their interest in the stock of Northern Paper to appellee, the trustee of debtor.

Our conclusions on this appeal are:

■ (1) The court was without jurisdiction to dispose of the adverse claim of appellants against their objection in a summary proceeding. Taubel-Scott-Kitzmiller Co. v. Fox, 264 U.S. 426, 44 S.Ct. 396, 68 L.Ed. 770; Engebretson v. Marcell (C.C. A.) 84 F.(2d) 315, decided June 12, 1936; In re Chicago & N. W. Ry. Co., Debtor (C.C.A.) 86 F.(2d) 508, decided October 29, 1936; Harrison v. Chamberlin, 271 U. S. 91, 46 S.Ct. 467, 70 L.Ed. 897.

■ (2) The District Court had no jurisdiction to restrain state court proceedings to enforce a lien on property that did not belong to the debtor. In re Bekkedal & Sons, Inc. (C.C.A.) 81 F.(2d) 337; In re Prudence Co. (C.C.A.) 82 F.(2d) 755; In re Adolf Gobel, Inc. (C.C.A.) 80 F.(2d) 849.

■ (3) The transfer of Rosebushes' interest in stock which had been attached by garnishment in the state court was subsequent to the proceeding instituted in the District Court, and the trustee acquired only such right as said Rosebushes possessed and was therefore subject to the state court attachment proceedings.

■ (4) The District Court was without authority to restrain individuals from buying stock of a third corporation or seeking to gain or retain control of said third corporation upon a mere showing that the debtor was also interested in the stock of said corporation.

■ (5) The option to Newton has expired. Prior to its expiration this court gave Newton the opportunity to acquire the stock by paying the price designated in the option contract. We directed the deposit of the stock in the bank designated by Newton and Newton failed to carry out the terms of his contract or to make any deposit of money for the purchase of this stock. No extension of the option has been shown.

In view of the termination of the option without exercise by Newton, the ex-

istence of which was the basis of the relief granted, the entire order should now be vacated.

The decrees of the District Court in both cases are reversed and the orders vacated.