ENGEBRETSON v. WEST et al.

SAME v. MARCELL et al.

In re BRICTSON MFG. CO.

Nos. 11590, 11591.

Circuit Court of Appeals, Eighth Circuit.

May 6, 1940.

M. E. Culhane, of Minneapolis, Minn. (Olaf Eidem, of Brookings, S. D., and William M. Giller, of Omaha, Neb., on the brief), for appellant.

David A. Fitch, of Omaha, Neb. (Gale B. Braithwaite, of Sioux Falls, S. D., on the brief), for appellees Ralph M. West and Aetna Casualty & Surety Co.

Clinton Brome, of Omaha, Neb. (U. S. G. Cherry and Gale B. Braithwaite, both of Sioux Falls, S. D., on the brief), for appellees John T. Marcell, Harry S. Byrne, and Fidelity & Deposit Co. of Maryland.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

GARDNER, Circuit Judge.

These are appeals from two judgments dismissing actions brought by appellant as plaintiff, one being brought against appellees Ralph M. West and the Aetna Casualty and Surety Company, a corporation, No. 11,590, and the other brought against appellees John T. Marcell, Harry S. Byrne and Fidelity and Deposit Company of Maryland, a corporation, No. 11,591, each action being brought to recover on a fidelity bond. The actions were consolidated for purposes of trial, but a separate judgment was entered in each action and separate briefs have been filed in this court, although the cases were argued together. It will be convenient to refer to the parties as they were designated below.

The defendants in case No. 11,590 were Ralph M. West and the Aetna Casualty and Surety Company, his surety. West was appointed receiver of all property of the Brictson Manufacturing Company in an action brought in the United States District Court for the District of Nebraska, by an order dated September 3, 1921, in which action H. E. Close and others were plaintiffs and the Brictson Manufacturing Company was defendant. In qualifying as receiver, West filed a bond in the sum of $50,000, on which the Aetna Casualty and Surety Company, his codefendant in this action, was surety. This bond provided, among other things: "* * * if the said Ralph M. West, receiver as aforesaid, shall obey such orders as said Court shall make in relation to said trust and shall faithfully and truly account for all the monies, assets and effects of the estate of said Brictson Manufacturing Company, which shall come into his hands and possession, and shall in all respects faithfully perform all his official duties as said receiver, then this obligation to be void, otherwise to remain in full force and virtue."

An appeal was taken from the order appointing a receiver, and on April 5, 1922, the order was reversed by this court, with directions that the receiver be required to return all property in his hands "to those from whom he received it." Brictson Mfg. Co. v. Close, 8 Cir., 280 F. 297, 301. On March 13, 1923, a quo warranto proceeding was commenced in the District Court of Douglas County, Nebraska, the purpose of which was to oust the corporation. Judgment of ouster was entered in that proceeding, and on appeal to the Supreme Court of Nebraska the judgment was sustained. State ex rel. Spillman v. Brictson Mfg. Co., 113 Neb. 781, 205 N.W. 246, 41 A.L.R. 992; State ex rel. Spillman v. Brictson Mfg. Co., 114 Neb. 341, 207 N.W. 664, 44 A.L.R. 1172. It was held that judgment of ouster was proper, and that under the Nebraska statute, Section 9298, Comp.Stat. 1922, the appointment of trustees to collect debts due the corporation and pay liabilities, and, when properly ordered, to pay over the surplus, if any, to those entitled thereto, was appropriate. The trustees then filed a petition in the United States District Court for the District of Nebraska for an order requiring West, the receiver, to turn over to them the property of the corporation. On November 3, 1926, that court entered such an order and on appeal the order was affirmed by this court. Brictson Mfg. Co. v. Close, 8 Cir., 25 F.2d 794. On June 24, 1929, the District Court for the District of Nebraska ordered West as receiver, after payment of certain expenses and other specific items, to deliver to the trustees appointed by the state court "all of the remainder of the moneys, funds, credits and property, real, personal or mixed, and all assets of every character of the Brictson Manufacturing Company upon the execution and delivery to the Receiver from said Trustees proper receipt for same."

On August 3, 1929, a petition in bankruptcy was filed against the Brictson

Manufacturing Company in the United States District Court for the District of South Dakota, and it was thereafter, on August 20, 1929, adjudged a bankrupt. On September 7, 1929, West, pursuant to order of the court entered June 24, 1929, turned over to the Nebraska trustees all assets of the Brictson Manufacturing Company in his possession, and on October 24, 1929, he filed in the case in which he was appointed receiver his report and petition for his discharge and the exoneration of his bond. On October 26, 1929, the court entered an order fixing the time for filing objections to the receiver's report and providing that notice be mailed to each of the parties or their attorneys. On November 14, 1929, the Brictson Manufacturing Company filed a pleading in which it suggested to the court the adjudication in bankruptcy and requested an extension of time for filing objections and for the hearing. Thereafter, on November 27, 1929, the court entered an order in which it discharged West as receiver and released and exonerated his bond. On May 14, 1930, the trustee in bankruptcy filed in the Nebraska state court, in the action in which the Nebraska trustees were appointed, an application for an order authorizing and directing the delivery of possession to him of all the assets and records of the bankrupt in the possession of the trustees. On May 17, 1930, the state court denied this application. No appeal was taken from this action of the state court and the matter seems to have remained in abeyance until January 30, 1933, when the trustee in bankruptcy filed in the bankruptcy court in South Dakota a petition for an order directing the Nebraska trustees to show cause why it should not be adjudged that they had no right, title or interest in any of the assets of the Brictson Manufacturing Company, and why they should not turn over to the trustee in bankruptcy all assets of the bankrupt which they had received after the filing of the petition in bankruptcy, and why they should not be restrained and enjoined from in any manner interfering with the administration of the bankrupt's estate. Such an order to show cause was accordingly issued, and on appeal this court reversed on the ground that the bankruptcy court was without jurisdiction to act in a summary proceeding. Marcell v. Engebretson, 8 Cir., 74 F.2d 93. The trustee in bankruptcy then brought a plenary action in the United States District Court for Nebraska, against the Nebraska trustees, praying that the property be turned over to him. The court dismissed that action on the ground that it was without jurisdiction of the subject matter, and on appeal we affirmed. Engebretson v. Marcell, 8 Cir., 84 F.2d 315. This action, seeking to hold West and his surety liable for his act in delivering the assets of the Brictson Manufacturing Company to the Nebraska trustees, was then brought. West appeared specially and moved to quash the service of summons and complaint upon him upon the ground that he was served in Nebraska and the action was commenced and pending in South Dakota. The special appearance was sustained and the service of the process upon West was quashed and set aside. The action then proceeded to trial upon the merits between the trustee in bankruptcy and the surety on the bond. The court entered judgment dismissing the action on its merits.

In No. 11,591, plaintiff sought to recover a judgment against the Nebraska trustees and the surety on their bond, it being alleged that these trustees obtained possession of the property of the bankrupt's estate from the receiver, Ralph M. West, after the supervening bankruptcy of the Brictson Manufacturing Company, and that they had unlawfully converted it to their own use. The defendants John T. Marcell and Harry S. Byrne appeared specially and moved to quash the service of process upon them because not served within the State of South Dakota. The court sustained the special appearance and quashed the service of process and thereupon the action proceeded against the defendant Fidelity and Deposit Company of Maryland alone, and resulted in the judgment of dismissal upon the merits.

It is from these judgments that the appeals are now prosecuted.

It is the contention of the trustee in bankruptcy in Engebretson v. West et al., No. 11,590, that (1) the act of West in turning over the property after the filing of the petition in bankruptcy was without authority of law; (2) there is no order or judgment which is res judicata of his right to turn over that property. Substantially the same issues are raised in Engebretson v. Marcell et al. No. 11,591,

and we think the disposition of the questions raised in the one case is determinative of those in the other.

Plaintiff differentiates between orders and judgments made prior to the filing of the petition in bankruptcy and those made thereafter, as well as between the subject matter of the many orders and judgments entered. In our view, it will not be necessary to go beyond the decisions of this court in the cases of Marcell v. Engebretson, 8 Cir., 74 F.2d 93 and Engebretson v. Marcell, 8 Cir., 84 F.2d 315, certiorari denied respectively, 296 U.S. 579, 56 S.Ct. 89, 80 L.Ed. 409, and 299 U.S. 566, 57 S.Ct. 28, 81 L.Ed. 417 and in the latter petition for rehearing denied 299 U.S. 621, 57 S.Ct. 114, 81 L.Ed. 457. In passing it may be noted that this court granted a rehearing of its decision in Marcell v. Engebretson, 8 Cir., 74 F.2d 93, but on that rehearing adhered to its former opinion (8 Cir., 76 F.2d 876).

 West was not a party to the proceeding between the trustee in bankruptcy and the state court trustees which culminated in the two decisions of this court. Plaintiff contends that the first decision is not res judicata because it merely held that the District Court was without jurisdiction to proceed in a summary proceeding, and that the second decision held that the lower court was without jurisdiction to proceed. But the issue of title or right of possession was adjudicated, and an adjudication is conclusive of all questions, both of law and fact, upon which the rights of the parties depend, both as to questions which were determined and as to those which might have been determined. Badger Dome Oil Co. v. Hallum, 8 Cir., 99 F.2d 293. The issue which was determined was the right of the state court trustees to possession of the assets of the bankrupt as against the trustee in bankruptcy. In Marcell v. Engebretson, 8 Cir., 74 F.2d 93, it was necessary that this court determine the status of the property at the time of the filing of the petition in bankruptcy, and it was held that the constructive possession of that property was in the state court and for that reason the court of bankruptcy was without jurisdiction to deal with it, it being in the exclusive jurisdiction of the state court. This conclusion was adhered to on rehearing (8 Cir., 84 F.2d 315). The disposition of these issues disposes of the questions presented by plaintiff, for if possession was rightfully in the state court trustees and the state court had acquired jurisdiction of the assets long before bankruptcy, then the receiver delivered the assets to the right person and the plaintiff was not entitled to them. In Baten v. Kirby Lumber Corporation, 5 Cir., 103 F.2d 272, a judgment in an action quieting title between other parties was received in evidence, and the court held that although it was not binding as an adjudication it was admissible in evidence as an instrument in a chain of title. This court held that the Nebraska state court had jurisdiction over the property and that the Nebraska state trustees had the right to administer it. Such a decision was evidence that plaintiff was without right to receive the assets at the time West delivered them to the trustees. Plaintiff could only recover upon the strength of his own right or title, and it was incumbent upon him to show that he was entitled to these assets to the exclusion of the state court trustees.

 Plaintiff's argument that he may not, under the rule of res judicata, be concluded by orders and judgments made prior to the filing of the petition in bankruptcy may be accepted as correct without deciding. But that does not strengthen plaintiff's position. In the last two appeals to this court, we applied the elementary rule that where a state court has taken possession of property through its officers, although the possession may be constructive, it draws to itself the exclusive jurisdiction to determine all questions respecting the title, possession and control of such property. Isaacs v. Hobbs Tie & Timber Co., 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645; Palmer v. State of Texas, 212 U.S. 118, 29 S.Ct. 230, 53 L.Ed. 435.

 On May 14, 1930, the bankruptcy trustee, plaintiff below in the instant actions, filed an application in the quo warranto proceeding in the state court, in which he requested that court to order the delivery of possession to him of all the assets and records of the Brictson Manufacturing Company. Objections to this application were filed by the state trustees, in which they asserted the prior and exclusive jurisdiction of the state court over the assets and that the trustee in bankruptcy had been deprived by the decree in that proceeding of all title or right of

possession in the property. This application the court denied and the order of denial is clearly res judicata as the equivalent of a decree or judgment in rem. Plaintiff was a party to that proceeding. Judgments in actions in personam or quasi in rem are binding between the parties and their privies. Albion-Idaho Land Co. v. Naf Irrigation Co., 10 Cir., 97 F.2d 439. The proceeding was concerned with distribution of property of this estate and was in rem. The court was vested with jurisdiction and its orders and decrees can not be questioned collaterally. Goodrich v. Ferris, 214 U.S. 71, 29 S.Ct. 580, 53 L.Ed. 914; Pitman v. Commissioner of Internal Revenue, 10 Cir., 64 F.2d 740. This order was not only evidence of the rights of the state trustees and the lack of right in the trustee in bankruptcy, but it was binding on the trustee as an adjudication and upon all who later assert an interest, and West and his surety are entitled to rely upon it because the trustee in bankruptcy can not attack it collaterally. Cowles v. Kyd, 91 Neb. 274, 135 N.W. 1010. Even though the judgment were erroneous, it would nevertheless be binding because mere error in a judgment can be taken advantage of only in a court which is capable of correcting it. The court had jurisdiction both of the parties and of the subject matter. It was the only court having power to determine title or right of possession. Right of possession was put in issue by the Nebraska trustees, and the plaintiff must be bound by the judgment. There could therefore be no liability on the bond of the Nebraska trustees.

West was an officer of the United States District Court of Nebraska and the condition of his bond was that he should obey the orders of that court in relation to his trust. In obedience to the turnover order entered by the court which appointed him receiver, he delivered possession of the property to the Nebraska trustees. He could not have breached his bond by obeying the order of the court appointing him.

Other questions are argued but we think they are not material to the decision of these cases, and we are of the view that the court was correct in dismissing both of these actions.

The judgments appealed from are therefore affirmed.